ANDREW M. CALAMARI
REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey Street, Suite 400
New York, New York 10281
(212) 336-0085 (Gerald Gross)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————
                                                          :
SECURITIES AND EXCHANGE COMMISSION,     :
                                                          :
                          Plaintiff,            :          08 Civ. 10760 (WHP)
                                                          :          ECF Case
                                                          :
            v.                                      :
                                                          :
ZURICH FINANCIAL SERVICES,                :
                                                          :
                          Defendant.            :
                                                          :
——————————————————————————



## PLAINTIFF'S MOTION TO DISBURSE FUNDS TO PAY TAX ADMINISTRATOR'S FEES AND EXPENSES AND TO TRANSFER REMAINING FUNDS TO TREASURY

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") respectfully requests that the Court enter an order directing the Commission to disburse $1,985.80 from the Fair Fund to pay the Tax Administrator, Damasco & Associates LLP ("Damasco"), for its work on the Fair Fund's 2013 and 2014 tax returns. The Commission also requests that the Court authorize the Commission to transfer the remaining $8,463.00 balance of the Fair Fund to the United States Treasury.

**Background**

On February 2, 2009, the Court entered Final Judgment as to Defendant Zurich Financial Services ("Zurich") in this action pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  (Dkt. 2)[1]  Pursuant to the Final Judgment, on February 4, 2009, Zurich paid a total of $25,000,001.  On February 9, 2010, the Court entered an order: (1) creating a Fair Fund under Section 308 of the Sarbanes-Oxley Act; (2) appointing Garden City Group, Inc. ("GCG") as Claims Administrator; (3) appointing Damasco as Tax Administrator; and (4) approving the Distribution Plan.  (Dkt. 18)  On August 21, 2012, the Court entered an order ("Distribution Order"), which, among other things, authorized payment of $1,003,162.01 to GCG in previously incurred fees and expenses and ordered the distribution of $23,925,940.75 to 1,375 approved claimants.  (Dkt. 59)  On September 19-20, 2012, GCG distributed the $23,925,940.75 as ordered.  (Dkt. 62)  On June 19, 2013, GCG reported completion of the distribution as authorized by the Distribution Order to all approved claimants except for those whose checks: (i) were returned as undeliverable and GCG could not identify contact information ($5,345.64); (ii) remained uncashed despite notices to do so ($9,292.71); and (iii) were returned as unwanted ($299,410.18).  (Dkt. 71)

On October 21, 2013, the Court entered an order ("Second Distribution Order"), which, among other things: (1) authorized payment of $62,453.84 to GCG for payment of fees and expenses incurred by GCG from September 1, 2012 through April 30, 2013; (2) directed GCG to conduct a second distribution of $333,689.55 to previously approved claimants on a *pro rata* basis, applying a $100 minimum distribution amount and excluding claimants who returned or did not cash checks in the initial distribution; (3) directed GCG to submit a report to the Court within 90 days of the second distribution; (4) authorized GCG to make an application to pay its  additional fees and expenses and to transfer the

---

[1]     The motion references the docket of this action ("Dkt. __") and the Declaration of Jude P. Damasco, dated May 14, 2014, which is attached as Exhibit A.

remaining funds to the Commission; and (5) authorized the Commission to make an application to pay the tax liabilities and fees of the Tax Administrator and to transfer the remaining funds to the United States Treasury.

In the second distribution, GCG determined that 231 claimants were eligible for a total of $333,689.50[2] and caused checks to be mailed on December 3, 2013.  On March 3, 2014, in its Report Certifying Second Distribution and Request for Payment of Fees ("Report"), GCG reported that of the $333,689.50 distributed in the second distribution, 13 checks totaling $10,500.74 remained uncashed, and that GCG anticipated that two checks, then recently re-issued and totaling $8,058.42, would be cashed within a few days.  (Dkt. 80 at 2)  Thereafter, these two checks were cashed, and at the request of claimants, GCG re-issued two additional checks totaling $240.50, which have since been cashed.

On March 19, 2014, the Court entered an order, which:  (1) authorized GCG to issue payment to itself in the amount of $5,000 for administrative fees and expenses incurred by GCG between October 15, 2013 through February 15, 2014; and (2) authorized GCG to transfer the balance of the unused Reserve and uncashed checks to the SEC.  On March 20, 2014, GCG paid itself $5,000 and transferred the remaining Fair Fund balance, $10,448.80,[3] to the SEC.

**Damasco's Fees**

Thereafter, Damasco filed the Fair Fund's amended 2013 U.S. QSF Income Tax Return and the Fair Fund's 2014 U.S. QSF Income Tax Return.  In doing so, Damasco incurred: (i) fixed fees totaling $1,700 for work related to the preparation and filing of the amended 2013 tax return and 2014 tax return;

---

[2]     This amount was $0.05 less than the amount authorized by the Second Distribution Order due to rounding. (Dkt. 80 at 2, n. 1)

[3]     In its March 3, 2014 Report, GCG represented that the remaining funds included $13,246.98 Reserve plus $10,500.74 in uncashed checks, totaling $23,747.72.  Since then, as described above, the four checks totaling $8,298.92 ($8,058.42 plus $240.50) have been cashed, and GCG paid itself $5,000 as ordered by the Court, leaving $10,448.80 remaining in the Fair Fund.

(ii) $272.00 in fees for work related to review of the second distribution check stub; and (iii) $13.80 in expenses for related tax compliance services. *See* Declaration of Jude P. Damasco, dated May 14, 2014, which is attached as Exhibit A.  The Commission staff reviewed this declaration and invoice, which are in line with the Commission's Letter Agreement with Damasco, and the staff believes that these fees and expenses are reasonable.  Accordingly, the Commission respectfully requests that the Court issue an order directing that the Commission pay $1,985.80 in fees and expenses to Damasco, and directing the Commission to transfer the remaining $8,463.00 balance of the Fair Fund to the United States Treasury. Attached as Exhibit B is a proposed order.

**Conclusion**

For all the foregoing reasons, the Commission respectfully requests that the Court enter the attached proposed order and grant such other relief as it deems just and proper.

Dated:  New York, New York
      May 15, 2014

Respectfully submitted,

By: _____
    GERALD A. GROSS

New York Regional Office
Brookfield Place, 200 Vesey Street, Suite 400
New York, New York 10281-1022
Tel.:    212-336-0085 (Gross)
Fax:    212-336-1322
E-mail:  grossg@sec.gov